Louis Pechman (Bar No. 035931983)
Vivianna Morales (Bar No. 070652013)
Catalina Cadavid (Bar. No. 203388016)
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500

Anthony M. Rainone, Esq. (Bar No. 24132003)
Lucas A. Markowitz, Esq. (Bar No. 023802011)
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

------------------------------------------------------------ X

LONCHO ESTRADA,

           Plaintiff,

  -against-

GARDENS OF THE WORLD INC. d/b/a    **COMPLAINT**
GARDENS OF THE WORLD, SALVATORE
ASSANTE, JR., and PAUL ASSANTE,

           Defendants.

------------------------------------------------------------ X

Plaintiff Loncho Estrada ("Plaintiff" or "Estrada"), by his attorneys Pechman Law Group, PLLC, and Brach Eichler LLC, complaining of Defendants Gardens of the World Inc. d/b/a Gardens of the World ("Gardens of the World"), Salvatore Assante, Jr., and Paul Assante (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Gardens of the World LLC is a family owned and operated landscape and masonry design business since 1965, and prides itself in sending "a family member – and only a family member – to your home," because they are "concerned with

rendering a complete and professional service" that "promot[es] and preserv[es] the honorable reputation that Gardens of the World has earned."

2. Plaintiff, who worked as a landscaper for Gardens of the World for almost twenty years, brings this action to recover unpaid overtime wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C. 12:56 *et seq.* ("NJWHL").

3. Although Estrada was regularly required to work over forty hours per workweek, Defendants failed to pay him overtime pay. In addition, Estrada was subject to discrimination based on his nationality and race.

4. Estrada alleges that he is entitled to: (1) compensation for unpaid overtime wages; (ii) liquidated damages, pre- and post-judgment interest, and declaratory relief against Defendants' unlawful actions, and attorneys' fees and costs pursuant to the FLSA and NJWHL; and (iii) compensatory and punitive damages, as well as attorney's fees pursuant to the NJLAD.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Gardens of the World is located in the District of New Jersey.

# THE PARTIES

**Plaintiff**

7. Plaintiff Loncho Estrada resides in Morris County, New Jersey.

8. Defendants employed Estrada as a laborer from in or about 1997 through December 5, 2016.

9. At all relevant times to this action, Estrada has been a non-exempt employee who is engaged in commerce or the production of goods for commerce on behalf of Defendants.

10. At all relevant times, Estrada has been a covered employee of Defendants within the meaning of the FLSA, NJWHL, and NJLAD.

**Defendant Gardens of the World**

11. Defendant Gardens of the World LLC is a New Jersey limited liability company that owns and operates and does business as Gardens of the World.

12. Gardens of the World LLC has three locations: 48 Jacksonville Road, Towaco, New Jersey 07082; 102 Iron Mountain Road, Mine Hill, New Jersey 07803; and 58 Whitehall Road, Andover, New Jersey 07821.

13. Gardens of the World LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Gardens of the World LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. At all relevant times, Gardens of the World has had an annual gross volume of sales in excess of $500,000.

16. Gardens of the World is an "employer" within the meaning of the NJLAD, and as such is prohibited from discriminating against Plaintiff in terms of his employment on the basis of nationality and race.

**Defendant Salvatore Assante Jr.**

17. Defendant Salvatore Assante Jr. is an owner, officer, and/or agent of Gardens of the World.

18. At all relevant times, Salvatore Assante Jr. had and exercised power and authority over personnel decisions at Gardens of the World, including the hiring and firing of employees, and otherwise control their terms and conditions of employment, including directing the manner in which employees performed their daily duties and assignments.

19. For example, on December 5, 2016 Salvatore Assante Jr. terminated Estrada from his employment.

20. For example, Salvatore Assante Jr. regularly gave Estrada his weekly schedule, a written list detailing where to go and what tasks to perform.

21. Salvatore exercises sufficient control over Plaintiff's working conditions, the operations of Gardens of the World, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA and NJWHL.

**Defendant Paul Assante**

22. Defendant Paul Assante is an owner, officer, and/or agent of Gardens of the World.

23. At all relevant times, Paul Assante had and exercised power and authority over personnel decisions at Gardens of the World, including the hiring and firing of employees, and otherwise controlled their terms and conditions of employment,

4

including the manner in which employees performed their daily duties and assignments.

24. For example, Paul Assante regularly called Estrada and directed him to work at specific job sites.

25. Paul Assante also regularly instructed Estrada on how to perform his assigned tasks.

26. Salvatore exercises sufficient control over Plaintiff's working conditions, the operations of Gardens of the World, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA and NJWHL.

## FACTUAL ALLEGATIONS

**Defendants' Failure to Pay Overtime Pay**

27. From approximately 1997 through January 2014, Estrada worked for Defendants as a laborer, and his responsibilities included general gardening and landscaping duties such as mowing lawns, and leaf and snow removal.

28. In January 2014, after approximately seventeen years as a laborer, Defendants promoted Estrada to the position of "supervisor," and began to pay him a salary of $1,150 per workweek.

29. As a supervisor, Estrada continued to perform laborer duties and was not given additional responsibilities.

30. Throughout his employment with Gardens of the World, Estrada did not direct the work of the other employees, have authority to hire or fire employees, or make suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change of status of employees.

31. Estrada's schedule varied with the season of the year.

32. In January and February, Estrada regularly worked approximately forty hours per workweek, Monday through Friday from 7:30 a.m. to 4:00 p.m. with a thirty-minute break.

33. From March through December, Estrada regularly worked approximately sixty-six hours per workweek, Monday through Saturday from approximately 7:30 a.m. to 7:00 p.m. with a thirty minute break.

34. As a result of being paid a salary, during this period, Defendants failed to pay Estrada overtime pay at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty per workweek.

**Defendants' Discriminatory Practices**

35. Plaintiff is of Hispanic descent and has been subjected to discrimination on account of his race.

36. Salvatore Assante Jr. intimidated, ridiculed, and insulted Plaintiff and treated him less well and differently than the non-Hispanic employees.

37. Throughout Plaintiff's employment, he worked on a team consisting of approximately four Caucasian males and eleven Hispanic males.

38. Salvatore Assante Jr. is of Italian descent and Caucasian.

39. At least once a month within the last three years, Plaintiff and the other Hispanic laborers were subjected to Salvatore Assante Jr.'s derogatory comments and racial epithets.

40. Salvatore Assante Jr. regularly singled out the Hispanic employees, including Plaintiff, and told them that they were "drunks," "sons of bitches," and "pieces of shit," and told them that they "come to this country to take our work."

41. Salvatore Assante Jr. applied the Garden of the World's sick policies differently amongst the Caucasian workers and Hispanic workers, often allowing

6

Caucasian workers to take sick days or come in late, while subjecting the Hispanic employees to abuse about being sick or arriving late, including telling them that they are "no good" and accusing them of being drunk.

42. Salvatore Assante Jr. did not subject the non-Hispanic workers to similar abuse.

43. As a result of Defendants' actions, Plaintiff has suffered emotional injury and distress.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

44. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

45. Defendants are required to pay Plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207, *et seq.*

46. Defendants have failed to pay the overtime wages to which he is entitled under the FLSA, even though Plaintiff regularly worked more than forty hours per workweek.

47. Throughout his employment, Plaintiff worked more than forty hours per workweek.

48. For each of those workweeks, Defendants failed to Plaintiff overtime wages to which he was entitled under the FLSA.

49. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

50. As a result of Defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied overtime pay in accordance with the FLSA and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(New Jersey Wage and Hour Law – Unpaid Overtime)**

51. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

52. Under the NJWHL and supporting New Jersey State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one-half (1½) times the regular rate of pay for all hours he worked in excess of forty hours in a workweek.

53. Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the NJWHL.

54. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff overtime wages.

55. Defendants were aware or should have been aware that the practices were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiff.

56. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff overtime wages.

57. Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## THIRD CLAIM
## (New Jersey Law Against Discrimination)

58. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

59. Plaintiff belongs to a class protected under the NJLAD by virtue of his race –Hispanic.

60. Defendants are "employers" within the meaning of the NJLAD, and as such were prohibited from discriminating against Plaintiff in terms of their employment on the basis of nationality and race.

61. At all times pertinent to this lawsuit, the Plaintiff was an "employee," as defined under the NJLAD.

62. Defendant Gardens of the World Inc. participated in unlawful employment practices when they discriminated against Plaintiff in terms, conditions, and privileges of employment due to his race when Defendants created a hostile work environment, harassed, and humiliated the Plaintiff. Individual Defendants "aided and abetted" the employer company's unlawful discrimination.

63. Plaintiff is entitled to compensatory and punitive damages, as well as attorney's fees for the violations of the NJLAD.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the overtime provisions of the FLSA and NJWHL;

b. declaring that Defendants' violations of the FLSA and NJWHL were willful;

c. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

d. awarding Plaintiff pre- and post-judgment interest under the FLSA and the NJWHL;

e. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NJWHL;

f. awarding Plaintiff compensatory and punitive damages pursuant to NJLAD;

g. awarding Plaintiff attorney's fees pursuant to NJLAD; and

h. awarding such other and further relief as the Court deems just and proper.

Dated: April 12, 2017

By: _____
Louis Pechman
Vivianna Morales
Catalina Cadavid
Pechman Law Group LLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
pechman@pechmanlaw.com
morales@pechmanlaw.com
cadavid@pechmanlaw.com

Dated: April 12, 2017

By: *s/Anthony M. Rainone*
Anthony M. Rainone, Esq
Lucas A. Markowitz, Esq.
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068
arainone@bracheichler.com
lmarkowitz@bracheichler.com
*Attorneys for Plaintiff*